IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEVIN PARMENTIER,**

    Petitioner,

v.                                                        No. 22-cv-0526 JCH/SMV

**FCI PHOENIX and**
**UNITED STATES OF AMERICA,**

    Respondents.

**ORDER TO CURE DEFICIENCIES**

THIS MATTER is before the Court on Petitioner Kevin Parmentier's pro se Letter Regarding Sentence Calculation [Doc. 1], filed on July 14, 2022. He appears to allege "Grand Prairie" is refusing to credit his federal sentence with time spent in prejudgment confinement and/or state custody. The Court discerns "Grand Prairie" to refer to the Grand Prairie office of the Bureau of Prisons ("BOP"). *See* https://www.bop.gov/locations/grand_prairie/.

"[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241." *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). If Petitioner wishes to challenge the BOP's calculation of his sentence, he must re-file his claims on the § 2241 habeas form no later than September 9, 2022. He must also prepay the $5 filing fee or file a motion to proceed *in forma pauperis*. The Clerk's Office will mail Petitioner a blank § 2241 form along with a blank *in forma pauperis* motion.

Petitioner is cautioned that a § 2241 petition challenging the BOP's execution of a federal sentence must generally be filed in the district of confinement. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 [that] attacks the execution of a

sentence . . . must be filed in the district where the prisoner is confined."). Petitioner is confined at FCI Phoenix in the District of Arizona. *See* 28 U.S.C. § 82; https://www.bop.gov/inmateloc/. While the instant Letter does not contain sufficient detail to warrant a transfer to the District of Arizona, the Court will likely transfer any amended § 2241 petition, assuming Petitioner clarifies his claims. It may be more efficient for Petitioner to mail his amended § 2241 petition to the District of Arizona. If Petitioner prefers to proceed in that district, he need not take further action in this Court. The failure to timely file an amended § 2241 petition and address the filing fee will result in dismissal of this case without prejudice to pursuing the matter in Arizona.

**IT IS ORDERED** that if Petitioner wishes to pursue relief in *this* Court, no later than **September 9, 2022**, he must: (1) refile his claims on the § 2241 habeas form; and (2) prepay the $5 habeas filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with an inmate account statement reflecting transactions between January 14, 2022 and July 14, 2022.

**IT IS FURTHER ORDERED** that the Clerk's Office **MAIL** to Petitioner a blank 28 U.S.C. § 2241 habeas petition and a blank *in forma pauperis* motion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**